UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK GARGIULO & SON, INC., d/b/a GARGIULO PRODUCE,<br><br>Plaintiff,<br><br>v.<br><br>THE BROWNSTONE HOUSE, INC., THOMAS MANZO and ALBERT MANZO,<br>Defendants. | Civil Action No. 20-12433 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

    This is an action for non-payment of certain invoices for the sale of perishable food products, that is, produce, in violation of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq (hereinafter "PACA"). Presently before the Court is a motion by Plaintiff Frank Gargiulo & Son, Inc. d/b/a Gargiulo Produce ("Plaintiff" or "Gargiulo") seeking an order to show cause for preliminary injunction with temporary restraints, filed on an ex parte basis by Plaintiff on September 9, 2020 [ECF 3]. The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency relief, without notice to Defendants, is warranted or that the Court should proceed to consider the application for injunctive relief on an expedited basis, by order to show cause, as requested by Plaintiff.

    In the Complaint, filed on September 8, 2020, Gargiulo alleges that between April 3, 2019 and March 5, 2020, it sold and delivered wholesale amounts of produce worth $145,043.25

1

(the "Produce") to Defendant The Brownstone House, Inc. and its owners Defendants Thomas Manzo and Albert Manzo. Gargiulo further alleges that the principal amount of those orders remains outstanding, in spite of Plaintiff's repeated demands for payment. According to the Complaint, at the time the Produce was delivered and accepted, Gargiulo became a beneficiary of a trust existing by virtue of PACA to ensure payment to produce suppliers (hereinafter "PACA Trust"). In its application for temporary restraints, Gargiulo claims that Defendants are dissipating PACA Trust assets, including the amount owed to Plaintiff as well as inventory and accounts receivable, and further claims that Gargiulo will suffer irreparable harm if the Court does not issue an immediate order restraining Defendants from transferring assets.

District of New Jersey Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1. Under the rule, an order to show cause may include temporary restraints "only under the conditions set forth in Fed. R. Civ. P. 65(b)." Id. Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b).

Plaintiff has not made the requisite showing of "immediate and irreparable injury" if an ex parte temporary restraining order does not issue to protect Plaintiff's interests in PACA Trust assets. In support of its application, Plaintiff submits the declaration of one of its authorized

2

agents, who states: "Defendant's failure, refusal, and inability to pay the amount due for produce in the amount of $145,043.25 demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust, and have dissipated and will continue to dissipate trust assets belonging to Gargiulo." (Pakulsky Decl., ¶ 9) [ECF 3-4]. The mere assertion of nonpayment does not indicate the insufficiency or misuse of PACA Trust assets, nor does Plaintiff's unsupported belief that "Defendants are liquidating their assets." (Pl. Mem. at 3.) In short, there has been no clear factual showing of dissipation such that a temporary restraining order is necessary to prevent Plaintiff from suffering irreparable and immediate injury.

Moreover, Plaintiff fails to make a clear and specific showing why its application for injunctive relief should proceed by way of order to show cause. The alleged failure to pay in violation of PACA concerns deliveries made by Gargiulo to Defendants between April 2019 and March 2020. The conduct of which Plaintiff complains appears to date back at least six months and up to a year-and-a-half, belying Plaintiff's assertion that its application should proceed in an expedited manner rather than on motion, with notice to the opposing party.

Notwithstanding Plaintiff's failure to show that emergency relief is warranted under the local rules, the Court will deem Plaintiff's application to proceed by order to show cause with temporary restraints as a motion for preliminary injunction and will set a briefing schedule in accordance with Local Civil Rule 7.1.

Accordingly,

**IT IS** on this 16th day of September 2020,

**ORDERED** that, pursuant to Local Civil Rule 65.1, Plaintiff's application for a temporary restraining order [ECF 3] is **DENIED**; and it is further

**ORDERED** that Plaintiff's filing at ECF 3 shall be deemed a Motion for Preliminary Injunction and accordingly placed by the Clerk of Court on the active motion calendar, pursuant to Local Civil Rule 7.1; and it is further

**ORDERED** that Plaintiff shall effect personal service of the Complaint, Motion for Preliminary Injunction, and this Order on Defendants on or before **Monday, September 21, 2020**; and it is further

**ORDERED** that Defendants shall file opposition to the Motion for Preliminary Injunction on or before **Monday, September 28, 2020**; and it is further

**ORDERED** that Plaintiff's reply in further support of its motion shall be filed on or before **Monday, October 5, 2020**; and it is further

**ORDERED** that Plaintiff's motion shall be decided on the papers unless the Court notifies the parties that oral argument has been scheduled.

                                                                 s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                              United States District Judge